IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Joe M. Mendez, III, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No.  5:21-cv-00531-OLG |
| | § | |
| Tyson Foods, Inc., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT TYSON FOODS, INC.'S
## FIRST AMENDED ORIGINAL ANSWER

Defendant Tyson Foods, Inc. ("Defendant") files its First Amended Original Answer to Plaintiff Joe M. Mendez, III's ("Plaintiff") Original Petition as follows:

### I.   DISCOVERY CONTROL PLAN

1. Defendant denies the allegations in Section 1, Paragraph 1 of Plaintiff's Original Petition (the "Complaint"). Defendant contends that the discovery control plan referenced in Paragraph 1 of Plaintiff's Complaint relates to a discovery control plan pursuant to the Texas Rules of Civil Procedure which was rendered inapplicable by the removal of this lawsuit to this Court.

### II.   PARTIES

2. Defendant admits the allegations of Section II of the Complaint.

### III.   JURISDICTION & VENUE

3. Defendant admits that all or a substantial part of the events or

omissions giving rise to Plaintiff's alleged claim occurred in Guadalupe County, Texas as alleged in Section 3, Paragraph 1 of the Complaint. Defendant denies the remaining allegations in Section 3, Paragraph 1 of the Complaint as venue is proper in the Western District of Texas, San Antonio Division. Defendant further admits this Court has diversity jurisdiction over this matter.

## IV.   FACTS

4. Defendant admits that on or about April 29, 2019, Plaintiff was an employee of Defendant. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations as worded in Section 4, Paragraph 1 of the Complaint, and therefore denies them. Further, the remaining allegations in Section 4, Paragraph 1 that relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Section 4, Paragraph 1 of the Complaint involve actions and/or omissions by Defendant or its employees related to any purported legal duty, Defendant specifically denies each and every allegation in Section 4, Paragraph 1 of the Complaint that any claimed legal duty was violated or that any claimed breach of a legal duty occurred, or that the alleged actions and/or omissions of Defendant or its employees were a direct or proximate cause of Plaintiff's alleged injuries or purported damages.

## V.   ALLEGED NEGLIGENCE

5. The allegations contained in Section 5, Paragraph 1 and its subparts relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Section 5, Paragraph 1 of the Complaint involve

alleged actions and/or omissions by Defendant or its employees related to any purported legal duty, Defendant specifically denies each and every allegation in Section 5, Paragraph 1 of the Complaint that any claimed legal duty was violated or that any claimed breach of a legal duty occurred, or that the actions and/or omissions of Defendant or its employees were a direct or proximate cause of Plaintiff's alleged injuries or purported damages.

6. The allegations contained in Section 5, Paragraph 2 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Section 5, Paragraph 2 of the Complaint involve alleged actions and/or omissions by Defendant or its employees related to any purported legal duty, Defendant specifically denies each and every allegation in Section 5, Paragraph 2 of the Complaint that any claimed legal duty was violated or that any claimed breach of a legal duty occurred, or that the actions and/or omissions of Defendant or its employees were a direct or proximate cause of Plaintiff's alleged injuries or purported damages.

## VI. NON-SUBSCRIBER ALLEGATION

7. Defendant admits that it is a non-subscriber to Texas' Workers' Compensation Act. The remaining allegations of Section 6, Paragraph 1 of the Complaint relate to legal questions to which no responsive pleading is required.

## VII. ALLEGED DAMAGES

8. Defendant admits that Plaintiff has sued Defendant related to alleged injuries that Plaintiff asserts he incurred while working for Defendant. The

remaining allegations relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Section 7, Paragraph 1 of the Complaint, including its subparts, involve alleged actions and/or omissions by Defendant or its employees related to any purported legal duty, Defendant specifically denies each and every allegation in Section 7, Paragraph 1 of the Complaint that any claimed legal duty was violated or that any claimed breach of a legal duty occurred, or that the actions and/or omissions of Defendant or its employees were a direct or proximate cause of Plaintiff's alleged injuries or purported damages.

9. Defendant further denies each and every allegation that Plaintiff has incurred any alleged damages which Plaintiff attributes to Defendant, and demands strict proof thereof. Defendant admits that this Court has diversity jurisdiction over this matter. The remaining allegations in Section Seven relate to legal questions to which no responsive pleading is required.

### VIII.  PRESERVATION

10. Section 8, Paragraph 1 of the Complaint relates to Plaintiff's Demand for Preservation to which no responsive pleading is required.

### IX.  NOTICE OF SELF-AUTHENTICATION

11. Defendant contends that the Federal Rules of Civil Procedure govern this matter. Further, the remaining allegations contained in Section 9, Paragraph 1 of the Complaint relate to legal questions to which no responsive pleading is required.

## X.  PRIVILEGE LOG

12. Defendant contends that the Federal Rules of Civil Procedure govern this matter. Defendant further contends that Section 10, Paragraph 1 of the Complaint relates to a purported discovery request made with reference to the Texas Rules of Civil Procedure, to which Defendant contends no responsive pleading is required.

## XI.  PLAINTIFF'S JURY DEMAND

13. The allegations contained in Section 10, Paragraph 2 of the Complaint relate to Plaintiff's demand for a jury trial for which no responsive pleading is required.

14. Defendant specifically denies that Plaintiff is entitled to any judgment against Defendant or that Plaintiff is entitled to any of the damages or relief sought against Defendant in Plaintiff's prayer for relief contained in Section 10 of the Complaint.

## XII.  AFFIRMATIVE DEFENSES

15. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

16. Pleading further, alternatively, and by way of affirmative defense, Defendant invokes Chapter 33 of the Texas Civil Practices & Remedies Code and

pleads that Plaintiff's claims are barred, in whole or in part, by the contributory and/or comparative negligence of Plaintiff and/or other parties, or alternatively, that the conduct of other parties, including Plaintiff, was an independent, intervening, superseding, and/or the sole proximate cause of Plaintiff's alleged damages. Therefore, Defendant is not liable for such damages.

17.  Pleading further, alternatively, and by way of affirmative defense, Defendant pleads that Plaintiff's damages, if any, were caused by preexisting injuries and/or preexisting medical conditions that occurred or arose before the incident forming the basis of this lawsuit.

18.  Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code.

19.  Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. § 5003A *et. seq.* Further, Defendant's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles. In the alternative, if Plaintiff has purchased a health insurance policy

pursuant to the Individual Mandate, Plaintiff's future medical expenses should be limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

20. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's damages, if any, were solely caused by a new and independent cause. Therefore, Defendant is not liable for such damages.

21. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to mitigate his claimed damages and failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed by Plaintiff. Accordingly, Defendant is entitled to an instruction to the jury that they shall not consider elements of damages incurred and caused by Plaintiff's failure to mitigate damages.

22. Pleading further, alternatively, and by way of affirmative defense, Defendant invokes Section 18.091 of the Texas Civil Practices & Remedies Code requiring that Plaintiff prove his alleged loss of earnings and/or loss of earning capacity in a form that represents his net loss after reduction for income tax payments or unpaid tax liability. Additionally, Defendant requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal and state income taxes.

23. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that it is entitled to an offset in the event that Plaintiff is

awarded damages for past medical expenses and to the extent that Plaintiff's past medical expenses have already been paid for in accordance with Defendant's Workplace Injury Settlement Program.

24. Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

25. In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury.

## XIII.
## PRAYER

26. Defendant Tyson Foods, Inc. prays that Plaintiff take nothing by this suit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939


By:    /s/ *J. Edward Johnson*
Zach T. Mayer
State Bar No. 24013118
Email: zmayer@mayerllp.com
J. Edward Johnson
State Bar No. 24070001
Email: ejohnson@mayerllp.com
G. Adrian Galvan
State Bar No. 24108601
Email: agalvan@mayerllp.com

**ATTORNEYS FOR DEFENDANT TYSON FOODS, INC.**


## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of February 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via email and ECF:**
atoscano@genetoscano.com
emartinez@genetoscano.com
Andrew Toscano
Edwardo D. Martinez, III
Gene Toscano, Inc.
846 Culebra Road
San Antonio, Texas 78201
*Counsel for Plaintiff*


   /s/ *J. Edward Johnson*
J. Edward Johnson